United States District Court
Southern District of Texas
**ENTERED**
November 21, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN G. SILVAS, a/k/a JULIAN GALVAN SILVAS, a/k/a JULIAN GALVAN SILVAS, JR., TDCJ–CID #02390812, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-3870 |
| MS. REYES, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner proceeding *pro se* and impliedly seeking leave to proceed *in forma pauperis*, filed this civil lawsuit under 42 U.S.C. § 1983 against four Texas Department of Criminal Justice ("TDCJ") employees at the Wynne Unit.[1]

Having screened the complaint under 28 U.S.C. § 1915(e), the Court **DISMISSES** the complaint for failure to raise a viable claim for relief, as follows.

### I. BACKGROUND AND CLAIMS

Plaintiff complains that three mental health employees at the Wynne Unit – Ms. Reyes, Ms. Hutchins, and Mr. Hinamin/Hiramin – are giving him unnecessary medications for mental health treatment. He alleges that he is not bipolar or "crazy" and only has "xaity

---

[1]Plaintiff falsely states that he filed one prior lawsuit regarding his imprisonment. The Court's dockets reveal that plaintiff has filed at least *twenty-eight* section 1983 lawsuits related to his arrest, conviction, and imprisonment, including case consolidations and transfers.

[*sic*] problems," which the Court understands to mean "anxiety problems." Plaintiff further complains that Warden Garcia "allows dirty things to happen" and has not helped plaintiff in any positive way.

As judicial relief, plaintiff asks that "charges" be filed against the defendants so that "justice can be served." No other specific judicial relief is requested.

## II. ANALYSIS

A.  <u>Section 1915(e)</u>

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

B.    Judicial Relief

As judicial relief, plaintiff requests "charges" against the defendants so that "justice can be served." The Court liberally construes this as a request for the Court to order or bring criminal charges against the defendants for unspecified criminal offenses.

The Court has no authority to order commencement of, or otherwise bring, criminal charges against the defendants. Nor does a private citizen, such as plaintiff, enjoy a constitutional right to have criminal charges brought against another individual. *See Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010). The decision whether to bring criminal charges against an individual lies within the official jurisdiction of law enforcement officers and the prosecutor's discretion. *Id.*; *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Oliver v. Collins*, 914 F .2d 56, 60 (5th Cir. 1990) ("Contrary to Oliver's contention, he does not have a constitutional right to have someone criminally prosecuted."); *Amir–Sharif v. District Attorney's Office of Dallas County*, 281 F. App'x 413 (5th Cir. 2008) (holding that private citizens have no constitutional right to press criminal charges).

Plaintiff's request that criminal charges be brought against the defendants in context of this lawsuit is **DISMISSED WITHOUT PREJUDICE**, subject to plaintiff's seeking relief from appropriate authorities.

C.    Deliberate Indifference

Construed liberally, plaintiff's allegations raise a claim for deliberate indifference to his medical needs. Specifically, plaintiff argues that he is being given unnecessary mental

3

health treatment and medications. Plaintiff makes no claim that he is being involuntarily forced to take the medications; rather, he asserts that he is not "crazy" and does not need mental health treatment and medication. According to plaintiff, prison physicians respond to all inmate mental health concerns by dispensing drugs.

Deliberate indifference to the serious medical needs of an inmate violates the Constitution's ban against cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

Deliberate indifference is an extremely high standard to meet. *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Rather, a prisoner must demonstrate that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff's factual allegations in this case are insufficient to raise a viable claim for deliberate indifference against the named defendants. Though he disagrees with the defendants' decisions and professional judgment as to the course and nature of his mental health treatment, his mere disagreement with his treatment does not give rise to a viable claim for deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs.").

Plaintiff's factual allegations show that he has been examined, evaluated, and provided mental health treatment, albeit treatment he claims is inappropriate and unnecessary. Even assuming plaintiff is correct that the mental health professionals treating him are mistaken about his mental health conditions and the medication needed to treat those conditions, their decisions and actions might constitute negligence, at worst. Plaintiff thus fails to allege facts giving rise to an Eighth Amendment deliberate indifference claim.

Plaintiff's claims for deliberate indifference are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted under section 1983.

Moreover, plaintiff asserts that Warden Garcia "allows dirty things to happen" and has not helped plaintiff in any positive way. These allegations do no raise a viable constitutional claim as to Warden Garcia, and plaintiff's claims against Warden Garcia are **DISMISSED WITHOUT PREJUDICE** for failure to raise a viable claim for which relief can be granted under section 1983.

D. <u>Unexhausted Claims</u>

Plaintiff attached to his complaint a short narrative of events that took place on October 1, 2022. According to plaintiff, the events purportedly constituted violations of his Eighth Amendment rights by prison officials other than the named defendants. Although the narrative mentions defendant Garcia, it is clear that Garcia did not participate in the alleged violations.

Regardless, as the events took place on October 1, 2022, the Court takes judicial notice that plaintiff could not have exhausted both steps of the administrative grievance process prior to the date he mailed this complaint on October 28, 2022. Pursuant to Texas Department of Criminal Justice grievance regulations, prison officials have 40–45 days to respond to a step 1 grievance, unless extended; officials then have an additional 40–45 days to respond to a prisoner's step 2 grievance. Both steps of the grievance process must be exhausted.[2] Even assuming plaintiff filed a step 1 grievance on October 1, 2022, the day of the alleged events, less than 28 days had expired when he filed this lawsuit. Plaintiff's factual allegations show that he could not have exhausted his step 1 and step 2 grievances prior to filing the instant lawsuit.

---

[2] *See* "Grievance Procedures for Offenders," *Offender Orientation Handbook*, at 74, https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf.

Consequently, the Court will take no action as to any claims raised in the narrative, and the claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim predicated on failure to exhaust.

### III. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief can be granted under section 1983. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g), and stands as plaintiff's third strike. *See Silvas v. Giovannini*, C.A. No. 2:21-CV-0269 (S.D. Tex. Jan. 11, 2022); *Silvas v. Judge David Stith*, C.A. No. 4:22-CV-3852 (S.D. Tex. 2022). Plaintiff is now **BARRED** from proceeding *in forma pauperis* in federal district or appellate court while incarcerated or detained in any facility unless he shows he is under imminent danger of serious physical injury at the time of filing.

Signed at Houston, Texas, on NOV 18 2022.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE